UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

THE KROGER CO.                                                                                              PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:06-CV165-S

TEAMSTERS LOCAL UNION NO. 89 and                                                            DEFENDANTS
FRED ZUCKERMAN and
KEN LAUERSDORF

**MEMORANDUM OPINION AND ORDER**

On March 31, 2006, the court entered an order granting the plaintiff's ("Kroger") motion for a preliminary injunction. This matter is now before the court on the motion to alter or amend made by the defendants ("Local 89"). For the reasons set forth below, the court will deny the defendants' motion to alter or amend.

FACTS

Kroger and Local 89 are parties to a collective bargaining agreement ("CBA") which applies to employees working at the Kroger Distribution Center ("KDC") located on Nelson Miller Parkway in Louisville, Kentucky. The CBA provides for a procedure to resolve any grievance or dispute involving the interpretation of the CBA. That grievance procedure ends in arbitration. The CBA forbids strikes or "any other interference with or interruption of the employer's business," except that Kroger must honor "lawful primary picket lines."

Firstfleet Carriers ("Firstfleet") has been delivering products to the KDC since 1993. In early March of 2006, however, Kroger notified Local 89 that it would now be contracting with Firstfleet to make "backhaul deliveries;" that is to pick up goods from the KDC and deliver them

1

to Kroger retail stores. Pursuant to the CBA, Local 89 filed a grievance against Kroger based on its interpretation that the CBA "prevents [Kroger] from subcontracting collective bargaining unit work to Employers who pay less than equal wages and benefits." Defendants' Motion to Alter or Amend (DN 8), p. 2.

Local 89 began picketing at the KDC when Firstfleet trucks were "doing backhauls." *Id.* at 4. Kroger then made a motion for a preliminary injunction, asking the court to enjoin Local 89 from picketing when Firstfleet picked up its backhauls. Kroger maintains that the picketing was prohibited because the underlying dispute was already in arbitration. Local 89, on the other hand, argues that the picketing had nothing to do with its grievance against Kroger. Local 89 characterizes its action as "area standards picketing," noting that the picketing was aimed at notifying the public that Firstfleet does not pay its employees "area standard wages." Local 89 maintains that there are two legitimate labor disputes; the first is between Local 89 and Kroger and the second is between Local 89 and Firstfleet.

After conducting a full hearing on March 29, 2006, the court granted Kroger's motion for the preliminary injunction. Specifically, the court enjoined Local 89 from "doing any act . . . in furtherance of the dispute between Local 89 and Kroger arising out of Section 25.1[1] of the collective bargaining agreement, which would interfere with Kroger's delivery operations, including backhauls." Order (DN 4), p.3. Under the relevant *Boys Market*[2] test, the court determined that the underlying dispute was an arbitrable issue. As Local 89 had contractually agreed to arbitrate such disputes, it was prohibited from interfering with Kroger's delivery operations by striking.

---

[1] The pending grievance regarding Kroger's subcontracting of Firstfleet for backhauls concerns this section of the CBA.

[2] *See Boys Market v. Retail Clerks Local 770*, 398 U.S. 235 (1970).

DISCUSSION

Local 89 has now asked this court to amend and vacate its March 31, 2006 injunction. As grounds for this motion, Local 89 reiterates and clarifies its position that the picketing is a separate issue from the pending grievance against Kroger regarding its subcontracting of Firstfleet to do backhauls. Local 89 explains that area standard wages are applicable to Firstfleet only when it backhauls because that work is "nearly identical to that of Local 89 drivers." Motion to Alter or Amend (DN 8), at p. 3. Because Firstfleet trucks make inbound hauls to the KDC "from distances much further than those of Local 89 drivers," there is no established area standard from which to compare the drivers. *See id.*

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *Gencorp v. American International*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Local 89 has identified no clear error of law, no newly discovered evidence, no intervening change in the law or no manifest injustice as grounds for its motion. Local 89 maintains that the court "misunderstood the basic facts" and further explains why there are no area standard wages for inbound loads. It merely restates, and clarifies the arguments that were before the court at the March 29 hearing. Rule 59(e) is not a procedural device which can be used to present, or expound upon, arguments that have already been considered by the court.

Even if Rule 59(e) were a proper procedural mechanism, Local 89's clarification of its argument does not alter the rationale for the court's injunction. At the March 29 hearing, we found "many strong indicators" that the real dispute underlying the picketing involved "Kroger's

3

utilization of Firstfleet Carrier as a backhauler." Transcript, p. 117. We also found that the picketing was concerted activity "directed towards Kroger, not Firstfleet." Transcript, p. 119. Local 89's crystallization of its argument regarding its selective picketing does nothing to change the court's dispositive finding that the action was directed against Kroger. Because we determined that the underlying dispute was Kroger's subcontracting of Firstfleet to do backhauls and this dispute is unquestionably an arbitrable issue, a *Boys' Market* injunction is appropriate.

Accordingly, the defendants' motion to alter or amend (DN 8) is **DENIED**.

**IT IS SO ORDERED** this

cc: Counsel of Record